**F I L E D**

SEP 0 2 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| EDDIE BURNELL, JR., ) | JURY TRIAL DEMANDED |
| Plaintiff, ) | |
| ) | Case No. 08 C  08C50192 |
| v. ) | |
| ) | KAPALA |
| THE GATES RUBBER COMPANY, ) | |
| a foreign corporation, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff EDDIE BURNELL, JR., by his attorneys, PETER DEBRUYNE, P.C. and OLIVER, CLOSE, WORDEN, WINKLER & GREENWALD LLC, for his Complaint against Defendant THE GATES RUBBER COMPANY, a foreign corporation, states as follows:

### INITIAL ALLEGATIONS

1. Plaintiff is now, and at all times relevant to this action, has been a resident of the County of Winnebago and State of Illinois.

2. Defendant THE GATES RUBBER COMPANY is a corporation, duly organized under the laws of the State of Delaware, authorized to do business and doing business in the County of Winnebago, State of Illinois.

3. Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, and Plaintiff has filed suit no later than ninety (90) days after receipt of a Notice of Right to Sue from the Equal Employment Opportunity Commission. True and correct copies of the Charge of Discrimination and the Notice of Right to Sue are attached, marked Exhibits A and B, respectively, and are incorporated herein.

4. Venue is properly set in this District under 28 U.S.C. §1391. This claim arose in the Northern District of Illinois, Western Division.

5. This Court has jurisdiction of this action pursuant to 42 U.S.C. §2000e-5, 28 U.S.C. §§1331 and 1343.

6. Plaintiff began employment with Defendant THE GATES RUBBER COMPANY on approximately June 17, 1991. Plaintiff worked for Defendant in various positions, including most recently as a Toolmaker.

7. Plaintiff received pay increases and performed his responsibilities more than satisfactorily.

8. Defendant THE GATES RUBBER COMPANY discharged Plaintiff on or about December 20, 2006.

## COUNT I - RACIALLY DISCRIMINATORY DISCHARGE

1.-8. Plaintiff repeats the allegations of Paragraphs 1 through 8 as Paragraphs 1 through 8 of this Count I.

9. Plaintiff is African-American, and is a protected person within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, et seq.

10. Defendant THE GATES RUBBER COMPANY is an employer under Title VII, 42 U.S.C. §2000e(b).

11. Defendant subjected Plaintiff to different terms and conditions of employment because of his race, and discharged him because of his race.

12. Defendant's stated reason for terminating Plaintiff was that Plaintiff refused to sign a document that required Plaintiff to admit a violation of its rules, or face termination, after

2

Plaintiff did not turn down a tool because it was unsafe to do so.

13. Employees who were not African-American were not terminated for refusing to sign documents or for not performing unsafe operations, and were treated more favorably than Plaintiff was.

14. Defendant replaced Plaintiff with a person who is not African-American.

15. Defendant discriminated against Plaintiff during his employment, on the basis of his race, African-American, in pay, promotions and training.

16. Defendant also engaged in other actions that discriminated against Plaintiff on the basis of his race.

17. Defendant's discrimination against Plaintiff as alleged above violates 42 U.S.C. § 2000e-2(a).

18. Defendant's discrimination against Plaintiff based on his race has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

19. Plaintiff, through his employment, received health insurance, paid vacation, and other employment benefits. Defendant's actions deprived Plaintiff of these and other employment benefits.

20. Defendant engaged in discriminatory conduct, as alleged above, with malice or reckless indifference to Plaintiff's federally protected rights under 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff EDDIE BURNELL, JR. prays that this Court enter judgment in his favor and against Defendant THE GATES RUBBER COMPANY, as follows:

    A.    Enjoining Defendant from engaging in discriminatory conduct and awarding him reinstatement to his former position;

    B.    Granting Plaintiff an award of compensatory damages consisting of:

        (1)    Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

        (2)    Front pay; and

        (3)    Damages for mental anguish and emotional distress according to proof and according to law;

    C.    Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

    D.    Awarding Plaintiff punitive damages as provided in 42 U.S.C. § 1981a; and

    E.    Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II - RACIALLY DISCRIMINATORY EMPLOYMENT PRACTICES

1.-8.    Plaintiff repeats the allegations of Paragraphs 1 through 8 of Count I as Paragraphs 1 through 8 of this Count II.

9.    Plaintiff is an African-American, and is a protected person within the meaning of 42 U.S.C. §2000e-2.

10.    Defendant THE GATES RUBBER COMPANY is an employer under Title VII, 42 U.S.C. §2000e(b).

11.    Defendant discriminated against Plaintiff on the basis of his race in pay, promotions and training.

12.    Defendant discriminated against Plaintiff, and other African-American employees,

4

because it assigned only African-American employees to train other African-American employees, and assigned only white employees to train other white employees.

13. Defendant's senior white employees did not train African-American employees, or provided only minimal training to them.

14. Defendant also segregated employees in departments by race.

15. Defendant also engaged in other actions that discriminated against Plaintiff on the basis of his race, including discharging Plaintiff on the basis of his race.

16. Defendant's discrimination against Plaintiff as alleged above violates 42 U.S.C. § 2000e-2(a).

17. Defendant's discrimination against Plaintiff based on his race has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

18. Plaintiff, through his employment, received health insurance, paid vacation, and other employment benefits. Defendant's actions deprived him of these and other employment benefits.

19. Defendant engaged in discriminatory conduct, as alleged above, with malice or reckless indifference to Plaintiff's federally protected rights under 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff EDDIE BURNELL, JR. prays that this Court enter judgment in his favor and against Defendant THE GATES RUBBER COMPANY, as follows:

A. Enjoining Defendant from engaging in discriminatory conduct and awarding him reinstatement to his former position;

B.  Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

C.  Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D.  Awarding Plaintiff punitive damages as provided in 42 U.S.C. § 1981a; and

E.  Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT III - RETALIATION FOR OPPOSITION TO RACE DISCRIMINATION

1. - 16.  Plaintiff repeats the allegations of Paragraphs 1 through 16 of Count II as Paragraphs 1 through 16 of this Count III.

17.  Plaintiff opposed Defendant's actions, alleged above, which were taken on the basis of Plaintiff's race.

18.  As a result of Plaintiff's opposition to Defendant's race discrimination against him, Defendant discriminated against and discharged Plaintiff.

19.  Defendant discharged Plaintiff shortly after Plaintiff complained about being singled out for discipline, and Defendant accused Plaintiff of "playing the race card."

20.  Similarly situated employees who did not oppose unlawful employment practices were not discharged, and were treated more favorably than Plaintiff.

21.  Plaintiff was replaced by an employee who had not opposed unlawful employment

practices.

22. Defendant's discrimination against Plaintiff because of Plaintiff's opposition to discrimination violates 42 U.S.C. § 2000e-3.

23. Defendant's discrimination against Plaintiff based on his opposition to race discrimination has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

24. Plaintiff, through his employment, received health insurance, paid vacation, and other employment benefits. Defendant's actions deprived him of these and other employment benefits.

25. Defendant engaged in discriminatory conduct, as alleged above, with malice or reckless indifference to Plaintiff's federally protected rights under 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff EDDIE BURNELL, JR. prays that this Court enter judgment in his favor and against Defendant THE GATES RUBBER COMPANY, as follows:

A. Enjoining Defendant from engaging in retaliatory and discriminatory conduct and awarding him reinstatement to his former position;

B. Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

7

C.     Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D.     Awarding Plaintiff punitive damages as provided in 29 U.S.C. § 1981a; and

E.     Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT IV - 42 U.S.C. § 1981

1.- 20.   Plaintiff repeats the allegations of Paragraphs 1 through 15 of Count III as Paragraphs 1 through 20 of this Count IV.

21.   Plaintiff is a protected person within the meaning of 42 U.S.C. §1981.

22.   Defendant's discriminatory actions, alleged above, deny Plaintiff the same right to make and enforce contracts and the enjoyment of benefits, privileges, terms, and conditions of the contractual relationship as enjoyed by white citizens of the United States, in violation of 42 U.S.C. §1981.

23.   Plaintiff, through his employment, received health insurance, paid vacation, and other employment benefits. Defendant's actions deprived him of these and other employment benefits.

24.   Defendant's intentionally discriminatory conduct, as alleged above, was performed willfully and in gross disregard of Plaintiff's federally protected rights.

WHEREFORE, Plaintiff EDDIE BURNELL, JR. prays that this Court enter judgment in her favor and against Defendant THE GATES RUBBER COMPANY, as follows:

A.     Enjoining Defendant from engaging in retaliatory and discriminatory conduct and awarding him reinstatement to his former position;

B.     Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

C. Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D. Awarding Plaintiff punitive damages for Defendant's willful and gross disregard of Plaintiff's federally protected rights; and

E. Granting Plaintiff such other and further relief as this Court deems just and proper.

                EDDIE BURNELL, JR., Plaintiff

                By:   PETER DEBRUYNE, P.C.

                By:   OLIVER, CLOSE, WORDEN,
                         WINKLER & GREENWALD LLC

                By:   s/John Rearden, Jr.
                         One of his attorneys

Peter DeBruyne
Peter DeBruyne, P.C.
838 N. Main St.
Rockford, IL 61103

John Rearden, Jr.
Oliver, Close, Worden, Winkler & Greenwald LLC
124 N. Water St., Suite 300, P.O. Box 4749
Rockford, IL, 61110-4749
815/968-7591

<u>PLAINTIFF DEMANDS A TRIAL BY JURY</u>

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. | AGENCY<br>☐ IDHR<br>☒ EEOC | CHARGE NUMBER<br>440-2007-07955 |
|---|---|---|

**Illinois Department of Human Rights and EEOC**

| NAME (indicate Mr. Ms. Mrs.) Mr. Eddie Burnell, Jr. | HOME TELEPHONE (include area code) 815-877-4256 | |
|---|---|---|
| STREET ADDRESS 4603 Metcor Ct. | CITY, STATE AND ZIP CODE Machesney Park, IL 61115-2249 | DATE OF BIRTH 04/17/1957 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME The Gates Corporation | NUMBER OF EMPLOYEES, MEMBERS 15+ 15+ | TELEPHONE (Include area code) 815-381-6200 |
|---|---|---|
| STREET ADDRESS 999 Sandy Hollow Road | CITY, STATE AND ZIP CODE Rockford, IL 61109 | COUNTY Winnebago |
| NAME | | TELEPHONE (include area code) |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |

RECEIVED EEOC SEP 17 CHICAGO DISTRICT OFFICE

| CAUSE OF DISCRIMINATION BASED ON: Race, opposition to discrimination (See particulars below). | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA) LATEST (ALL) / / 12/20/2006 ☒ CONTINUING ACTION |
|---|---|

**THE PARTICULARS ARE** (if additional space is needed attach extra sheets)

I was employed by The Gates Rubber Company ("Gates"), beginning June 17, 1991. I worked in various positions, including most recently as a Toolmaker. I performed my job in a way that satisfied Gates' legitimate expectations. I was discharged by Gates on December 20, 2006, and discriminated against during my employment, on the basis of my race, African-American. Gates subjected me and other African-American employees to different terms and conditions of employment because of our race, and discharged me and other African-American employees because of our race. For example, Gates' stated reason for terminating me was that I refused to sign a document that required me to admit a violation or face termination, after I did not turn down a tool because it was unsafe to do so. Employees who were not African-American were not terminated for refusing to sign documents or for not performing unsafe operations, and were treated more favorably than I was. I was replaced by an employee who was not African-American.

[See attached extra sheet].

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME ON THIS
Ninette M Cooney 9/10/07
NOTARY SIGNATURE    MONTH DATE-YEAR

*Eddie Burnell Jr.*

OFFICIAL SEAL
NINETTE M COONEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/10/08
NOTARY SEAL

X *Eddie Burnell Jr.*  9-10-07
SIGNATURE OF COMPLAINANT    DATE

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

FORM 5 (5/05)

# EXHIBIT A

Extra sheet, Charge of Discrimination of Eddie Burnell, Jr.

      Gates discriminated against me and other African-American employees on the basis of our race concerning pay, promotions and training compared to employees who were not African-American. Gates also limited, segregated and classified me and other African-American employees on the basis of our race in ways that deprived or tended to deprive us of employment opportunities or adversely affect our status as an employees. For example, only African-American employees trained other African-American employees, and only white employees trained other white employees. Senior white Gates employees would not train African-American employees, or would provide only minimal training to them. Gates also segregated employees in departments by race.

      I also opposed unlawful employment practices by Gates, including discrimination on the basis of race. I performed my job in a way that satisfied Gates' legitimate expectations. I was discharged by Gates on December 20, 2006, and discriminated against during my employment, because I opposed unlawful employment practices, including discrimination on the basis of race. Gates subjected me to different terms and conditions of employment because I opposed unlawful employment practices, and discharged me because of that opposition. For example, Gates discharged me shortly after I complained about being singled out for discipline, and accused me of "playing the race card." Similarly situated employees who did not oppose unlawful employment practices were not discharged, and were treated more favorably than I was. I was replaced by an employee who had not opposed unlawful employment practices.

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Eddie Burnell, Jr.<br>4603 Metcor Ct.<br>Machesney Park, IL 61115 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

Certified Mail 7001 0320 0006 1100 0900

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-07955 | Daniel Lim,<br>Investigator | (312) 886-9839 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

John P. Rowe,
District Director

7/12/08
(Date Mailed)

Enclosures(s)

cc:   THE GATES CORPORATION

RECEIVED JUL 2008

# EXHIBIT B